IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT DICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF ERIE PENNSYLVANIA; | ) | No. CA 07-352 Erie |
| DANIEL FUHRMAN in his individual capacity; | ) | Judge Sean J. McLaughlin |
| EDWARD SLUBOWSKI in his individual | ) | Chief Magistrate Judge Susan Paradise Baxter |
| capacity; MIKE KEBORT in his individual | ) | |
| capacity; STEVE DELINSKI in his individual | ) | |
| capacity; MARK OLOWIN in his individual | ) | |
| capacity; PAUL GARDNER in his individual | ) | |
| capacity; ROBERT EUGENE KREMENIK | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff, by his undersigned counsel, and pursuant to Fed.R.Civ.P. 54(d)(2), petitions for an award of attorneys' fees and expenses under 42 U.S.C. § 1988(b), and in support thereof avers as follows:

1. Plaintiff respectfully requests that Defendant Erie County reimburse him for the following attorneys' fees and costs:

| | |
|---|---|
| **Attorney David B. Spear:  503 hours at $350 per hour:** | **$176,050** |
| **Attorney Elena Rovner: 380.4 hours at $160 per hour:** | **$60,864** |
| **Attorney Foster S. Goldman, Jr.: 11.7 hours at $325 per hour:** | **$3,802.50** |
| **Total Goldman Schafer & Spear P.C. fees:** | **$240,716.50** |

| | |
|---|---:|
| **Mr. Spear's firm expended costs in the amount of:** | **$13,017.48** |
| **Total fees and costs for Goldman Schafer & Spear P.C.** | **$253,733.98** |
| **Attorney Leonard Brown requests fees for 72.6 hours at $290 per hour:** | **$21,054** |
| **Paralegal Kelly Brubaker, 15.25 hours at $75 per hour:** | **$1,143.75** |
| **Total Clymer, Musser, Brown & Conrad, P.C. fees:** | **$22,197.75** |
| **Mr. Brown's firm expended costs in the amount of:** | **$8,146.83** |
| **Total fees and costs for Clymer, Musser, Brown & Conrad, P.C.** | **$30,344.58** |

2. Leonard Brown's firm has represented Plaintiff from November 2007 through January 2009. Mr. Spear's firm has represented Plaintiff from May 12, 2009 through the present.

3. Plaintiff Herbert Dickson ("Mr. Dickson") brought this action under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. After Mr. Dickson filed a motion for summary judgment on his § 1983 claim, as well as a Brief and Concise Statement of Material Facts in support thereof, the Defendant County of Erie Pennsylvania ("Erie County") stipulated and agreed that the imprisonment of Mr. Dickson in the Erie County Prison from June 27, 2007 until July 6, 2007 was a violation of Mr. Dickson's right to liberty under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, for which the County of Erie was liable, since it was the result of an official policy of the County of Erie.

4. On December 2, 2010, following a four day trial, a jury awarded Mr. Dickson

compensatory damages on Mr. Dickson's § 1983 claim against Erie County in the amount of $135,684, and total damages of $142,194. ($6,510 had been stipulated as the amount Mr. Dickson lost in wages.)

5. Plaintiff, as the prevailing party, now moves for an award of attorneys' fees and expenses pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988, which authorizes the district courts to award reasonable attorneys' fees to a prevailing party in a civil rights litigation.

6. A plaintiff is considered a prevailing party for attorneys' fees purposes if he succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. When a plaintiff prevails on the central issue in the lawsuit, his attorneys should recover a fully compensatory fee.

7. Plaintiff in this case qualifies as "a prevailing party" in every sense of the term because Erie County stipulated that it violated his constitutional right to procedural due process and because the jury, in addition to the stipulated amount of Plaintiff's lost wages in the amount of $6,510, awarded Plaintiff compensatory damages in the amount of $135,684 as a result of Erie County's violation of his constitutional rights.

**I.    Lodestar Elements**

8. The most useful starting point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate.

9.   A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

10.   The U.S. Court of Appeals for the Third Circuit has adopted the "community market rate" rule for determining a reasonable billing rate. The rule requires only a number of representative affidavits from attorneys in the community who possess comparable qualifications and skill.

**II.   Plaintiff's Fees Are Reasonable**

11.   The substantial amount of time spent by Plaintiff's attorneys on this case is entirely reasonable in light of the following factors:

a. Plaintiff's attorneys performed extensive fact discovery, and legal research and writing of high quality on complex constitutional issues.

b. A significant portion of Plaintiff's attorneys' fees arose from the fact that Plaintiff was forced to draft and file Plaintiff's Motion for Partial Summary Judgment on his § 1983 claim. Prior to performing substantial work on Plaintiff's Motion For Partial Summary Judgment, Mr. Spear requested that Defendant Erie County stipulate to liability on this claim. Defendant Erie County declined. Only after Plaintiff's attorneys expended significant time on the Motion for Summary Judgment and Concise Statement of Material Facts and Brief in support thereof did Defendant

stipulate to the entry of summary judgment.

        c.    The majority of the time spent by Plaintiff's attorneys related to Plaintiff's successful § 1983 claim. Hours spent exclusively on claims that were unsuccessful (4th Amendment and the state law claims) have been deducted from the fees requested. However, since Defendant stipulated that all of Plaintiff's imprisonment was unlawful, all of the things that happened to him while he was in prison were part of his damages on his successful § 1983 claim. Therefore, the testimony of each witness at trial, as well as all the information gathered during discovery, was relevant to the issue of Plaintiff's damages.

        d.    Plaintiff's attorneys engaged in extensive trial preparation and a trial lasting four days, with 20 witnesses.

        e.    Plaintiff obtained an extraordinary result in this case.

### III.  Evidence Of Billing Entries and Rates of Plaintiffs' Counsel

12.    The Affidavit of David B. Spear is attached as Exhibit 1. Attached as Exhibit A to Exhibit 1 is Goldman Schafer & Spear's bill on this matter, which includes and details the tasks and number of hours worked by Attorneys David Spear, Elena Rovner and Foster Goldman, Jr., and the expenses incurred by the firm in this action. These hours and expenses were reasonably necessary for the successful prosecution of this case.

13.    At the end of Goldman Schafer & Spear's bill, there is a summary of the total number of hours worked on this case by Mr. Spear, Ms. Rovner and Mr. Goldman, as well as the total fees applicable to each attorney. Additionally, at the end of the bill, there is a summary of the amount

of time and fees Plaintiff has deducted for work that was either unrelated to the § 1983 count or was duplicative.

14.     Attached as Exhibit 2 is a request for fees for Leonard G. Brown.  Mr. Brown has prepared a Declaration of Leonard G. Brown, III in support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs.  All of Mr. Brown's and his paralegal Kelly L. Brubaker's hours were reasonably necessary for the successful prosecution of this case.

### IV.     The Hourly Rates Requested Are The Prevailing Market Rates For Attorneys Of Comparable Skill, Experience And Reputation

15.     Plaintiff is requesting an hourly rate of $350 for Mr. Spear; $160 for Ms. Rovner; $325 for Mr. Goldman; $290 for Mr. Brown; and $ 75 for Ms. Brubaker.  All are supported by affidavits, as follows:

**A. Mr. Spear**

16.     Mr. Spear offers his own Affidavit (Exhibit 1), setting forth his normal billing rate of $300 per hour and attesting to the reasonableness of his requested rate of $350 per hour.

17.     In addition to his own Affidavit, Mr. Spear also offers the Affidavits of Attorneys Colleen Ramage Johnston, James B. Lieber and Charles A. Lamberton, all of whom have affirmed that Mr. Spear's requested rate of $350 per hour is fair and reasonable for him and is well within the prevailing market rate for an attorney with his skill, experience and reputation.  The Affidavits of Ms. Johnston, Mr. Lieber and Mr. Lamberton are attached as Exhibits 3, 4 and 5, respectively.

### B. Ms. Rovner

18.     Ms. Rovner offers her own Affidavit setting forth her normal billing rate of $160 per hour and attesting to the reasonableness of her rate. Ms. Rovner's Affidavit is attached as Exhibit 6.

19.     In addition to her own Affidavit, Ms. Rovner also offers the Affidavit of Attorney Nikki Velisaris Lykos who has affirmed that Ms. Rovner's rate of $160 per hour is fair and reasonable for her and is well within the prevailing market rate for an attorney with her skill, experience and reputation. Ms. Lykos's Affidavit is attached is Exhibit 7.

### C. Mr. Goldman

20.     Mr. Goldman offers his own Affidavit setting forth his normal billing rate of $325 per hour and attesting to the reasonableness of his rate. Mr. Goldman's Affidavit is attached as Exhibit 8.

21.     In addition to his own Affidavit, Mr. Goldman also offers the Affidavit of Attorney Errol Miller, who has affirmed that Mr. Goldman's rate of $325 per hour is fair and reasonable for him and is well within the prevailing market rate for an attorney with his skill, experience and reputation. Mr. Miller's Affidavit is attached as Exhibit 9.

### D. Mr. Brown

22.     Mr. Brown offers his own Declaration setting forth his normal billing rate of $290 per hour and attesting to the reasonableness of his rate. (See Exhibit 2).

23.     In addition to his own Affidavit, Mr. Brown also offers the Affidavit of Attorney

Randall L. Wenger, who has affirmed that Mr. Brown's rate of $290 per hour is fair and reasonable for him and is well within the prevailing market rate for an attorney with his skill, experience and reputation.  Mr. Wenger's Affidavit is attached as Exhibit 10.

### E. Ms. Brubaker

24. Mr. Brown states in his Declaration that Ms. Brubaker's normal billing rate is $75 per hour and that that is a reasonable rate.  Mr. Wenger also offers support in his Affidavit for Ms. Brubaker's rate, as well as the costs expended by Mr. Brown's firm.

25. In addition, these attorneys and paralegal should be compensated at their current, as opposed to historical rates, in recognition of the delay in payment between when work was performed and fees paid.

WHEREFORE, for all of the foregoing reasons, as well as those set forth in Plaintiff's Brief in Support of this Motion, Plaintiff requests an award of attorneys' fees in the amount of $264,078.56 and costs of $21,164.31.

Respectfully submitted:

s/ David B. Spear
David B. Spear
PA Id. No. 62133

Elena Rovner
PA Id. No. 208696

GOLDMAN SCHAFER & SPEAR P.C.
Firm No. 456
2200 Lawyers Building
Pittsburgh, PA  15219
(412)  281-6488

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Attorneys' Fees and Expenses was electronically filed and sent to the following individual via the Court's ECF filing system, and is available for viewing and downloading therefrom:

James T. Marnen, Esq.
Marnen Mioduszewski Bordonaro
Wagner & Sinnott, LLC
516 West Tenth Street
Erie, PA 16502
(Counsel for Defendants)

s/ David B. Spear